

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00111-CR

Lane Devon **WOOTAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CR-1694
Honorable Velia J. Meza, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 10, 2024

ABATED AND REMANDED; MOTION TO WITHDRAW GRANTED

In this appeal, court-appointed counsel filed an *Anders* brief and a motion to withdraw. Appellant filed a pro se brief, and the State filed brief waivers. Because there is an arguable ground of appeal, we grant counsel's motion to withdraw, and we abate this appeal.

We withdraw our March 21, 2024 submission date; the appeal will be reset for submission at a later date. We remand the cause for the trial court to appoint new appellate counsel.

## BACKGROUND

### A.     Indictment, Trial, Jury's Verdicts

In 2021, Appellant Lane Devon Wootan was indicted for shooting Josh Fowler with a firearm and causing his death. He pled not guilty to the indictment, but the jury found him guilty. The jury assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a period of twenty-two years and a fine of $10,000.

### B.     Sentence Imposed

The trial court sentenced Wootan in accordance with the jury's verdicts, and it ordered Wootan to pay court costs of $440. The judgment orders Wootan, upon his release from confinement, to report to the Bexar County District Clerk's office "to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above."

### C.     Appeal

Wootan appealed his conviction, and the trial court appointed appellate counsel.

Court-appointed counsel Pat Montgomery filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). The brief recited the relevant facts with citations to the record. It presented a very thorough review of the appellate record and a comprehensive analysis of potential appellate issues. Counsel concluded "that this appeal is without any reasonably arguable merit."

Counsel provided Wootan with a copy of the brief and counsel's motion to withdraw, and he informed Wootan of his right to review the record and file a pro se brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel also provided Wootan with a draft pro se motion to request a free copy of the appellate record. *See Kelly*, 436 S.W.3d at 319–20. Wootan requested and received a copy of the appellate record, and he filed a pro se brief.

**INDEPENDENT REVIEW**

"Under *Anders*, after receiving a brief claiming that there are no arguable grounds for appeal, the reviewing court must review the record to make an independent determination." *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (emphasis removed); *accord Anders*, 386 U.S. at 744.

Having conducted an independent review of the record, we conclude there is an arguable ground of appeal in this case. *See Stafford*, 813 S.W.2d at 511; *Nichols*, 954 S.W.2d at 85.

**A.       Article 42.15 Requirement for Inquiry on the Record**

The record does not show that the trial court complied with the statutory requirement to conduct an inquiry *on the record* regarding the defendant's ability to pay the fine and court costs.

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021); *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted) (recognizing the trial court's duty "to act sua sponte and hold an ability-to-pay inquiry when a fine or costs are imposed on a defendant in the judgment").

**B.       Optional Statutory Waiver**

"A defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-2). The record is silent on whether Wootan waived the requirement for the inquiry to be on the record. *See id.*

**C.       Error Preservation**

The record does not show that Wootan asserted that he was unable to pay the fine or court costs. *Cf. Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (recognizing that "a

claim challenging the bases for the imposition of court costs [may be raised] for the first time on appeal"). *Compare Cruz*, 2023 WL 3236888, at *4 (concluding "that a defendant's right to an ability-to-pay inquiry is 'fundamental to the proper functioning of our adjudicatory system' [and holding that an] appellant was not required to preserve this complaint for appeal through objection" (quoting *Proenza v. State*, 541 S.W.3d 786, 799 (Tex. Crim. App. 2017))), *with Rodgers v. State*, No. 06-23-00101-CR, 2023 WL 6379018, at *2 (Tex. App.—Texarkana Oct. 2, 2023, no pet.) (concluding that a failure to timely "object to the trial court's imposition of fines and court costs 'at the earliest possible opportunity' [did not] preserve [appellant's] complaint for [appellate] review" (quoting *Davison v. State*, 602 S.W.3d 625, 648 (Tex. App.—Texarkana 2020, pet. ref'd))).

**D.      Article 43.035(a)'s Applicability**

The record is also silent on whether the trial court conducted an inquiry on the record *after* it rendered its October 18, 2022 judgment.  *See* TEX. CODE CRIM. PROC. ANN. art. 43.035(a) (requiring the trial court, on the defendant's request, to "hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant"); *id.* art. 43.035(e) (vesting the trial court with continuing "jurisdiction for the purpose of making a determination under this article"); *Sloan v. State*, 676 S.W.3d 240, 242 n.2 (Tex. App.—Tyler 2023, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 43.035(a), (e)) (noting a defendant's right to request a hearing and the trial court's jurisdiction to hold it); *see also Clifton v. State*, No. 01-22-00641-CR, 2023 WL 5437181, at *25 n.33 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. filed) (mem. op.) ("Because we are remanding the case to the trial court to reassess the amount of court costs, the trial court will have an opportunity to inquire on the record into [the defendant's] ability to pay costs and make any modifications to the judgment it deems necessary.").

**E.      Arguable Ground of Appeal**

We have not previously decided the question which the record currently before us presents: Is it reversible error if the record does not show that the trial court conducted an inquiry on the record regarding the defendant's ability to pay the fine and court costs?  *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1); TEX. R. APP. P. 44.2; *Cruz*, 2023 WL 3236888, at *4.

We have not found any mandatory authority on this question from the Court of Criminal Appeals, and there is not yet a clear, well-established consensus among our sister courts.  *E.g.*, *Sanders v. State*, No. 05-22-01376-CR, 2024 WL 725529, at *9 (Tex. App.—Dallas Feb. 22, 2024, no pet. h.) (mem. op.); *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *4 (Tex. App.—Fort Worth Feb. 8, 2024, no pet. h.) (mem. op.); *Cruz*, 2023 WL 3236888, at *5 (criticizing the analysis in *Hernandez-Faced v. State*, 661 S.W.3d 630, 638 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd)); *Rodgers*, 2023 WL 6379018, at *2.

Accordingly, at this time in our judicial district, this is an arguable ground of appeal.  *See Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *2 (Tex. App.—San Antonio Jan. 17, 2024, no pet. h.) (per curiam).

**F.      Scope of Opinion**

This opinion identifies an arguable ground of appeal.  *See Nichols*, 954 S.W.2d at 86.  In it, we have cited statutes, rules, and opinions which *may* be applicable to the question before us. The cited authorities are not an exhaustive list: other statutes, rules, or opinions may apply. Further, by citing opinions, we are neither adopting nor rejecting their reasoning.

On remand, the new appellate counsel must brief the issue we have identified.  *See id.*  Our identification of an *arguable* ground of appeal is not a predetermination that this record presents reversible error; it is an opportunity for Appellant to brief the identified issue "as well as any additional grounds that the attorney discovers," and for the State to respond.  *See id.*

## *ANDERS* PROCEDURE

In his *Anders* brief, court-appointed counsel advised this court that he had reviewed the record but concluded that there were no arguable points of error. Because our independent review has determined there is an arguable ground of appeal in this case, we grant Pat Montgomery's motion to withdraw. *See Nichols*, 954 S.W.2d at 86. We withdraw our March 21, 2024 submission date. After the new briefs are filed, we will reset this case for submission.

We abate this appeal and remand the cause to the trial court. We order the trial court to appoint a different attorney to represent Wootan on appeal and notify this court of the appointment within fifteen days of our order. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 511.

If Wootan wishes to prosecute this appeal, new appellate counsel must file a brief that addresses the issue we have identified and any other arguable grounds for appeal. *See Bledsoe*, 178 S.W.3d at 827; *Stafford*, 813 S.W.2d at 511.

PER CURIAM

Do not publish